Stanard, J.
delivered the opinion of the court.
.... , . The court is of opinion, that the usury alleged m the answer, being the addition of 100 dollars for the forbearance of a pre-existing debt; and the consideration of the obligation on which the judgment in the bill mentioned was founded, being the pre-existing debt, and the said usurious premium for the forbearance, such usury, (though if used as a defence at law to the action on the obligation, it would have avoided the obligation, and defeated the action thereon in toto,) could not be used at law, as a defence to an action on the judgment ; and the relief therefor in equity, whether sought by bill to arrest the enforcement of the judgment at law, or made the ground of defence to a bill of the judgment creditor, seeking an account of the assets, must be limited to the rejection from the claim of the amount of the usurious addition to the original debt; leaving the original debt due and payable, as though the usurious addition for forbearance had not been made. Gray v. Fowler, 1 H. Bla. 462; Scott v. Nesbit, 2 Bro. C. C. 641. A consequence of this opinion is, that the full proof of the usury alleged in the answer, would have entitled the defendants to an abatement of 100 dollars of the principal of the debt, for which the judgment on the obligation was rendered; leaving the residue of the judgment the proper debt, chargeable on the assets of the debtor. The court is further of opinion, that the verdict of the jury, on the most liberal interpretation, only finds the usury as alleged in the answer; that being the usury to which the issue directed by the former decree of this court, and which the jury were impannelled to try, had reference. And the appellant consenting that such should be the interpretation ; and waiving all objections to the verdict, the court is of opinion, that the effect thereof is to subject the judgment in favour of the plaintiff in the court below, mentioned in his bill, to an abatement of 100 dollars of the principal thereof, *156 leaving the residue of the judgment to charge the assets 0f the debtor, as a judgment on a specialty; and for the amount of which residue, the appellant is entitled to rank as a creditor by judgment against the administrators, on the specialty of their intestate. The decree r J is therefore reversed with costs, to be paid out of the assets of the intestate in the hands of the appellees; and the cause is remanded to the court below, to be proceeded in according to the principles herein before declared.